Filed 5/1/25  P. v. Simmons CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B337632 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. NA074404-01 |
| v. | |
| GREGORY SIMMONS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed and remanded with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

On April 25, 2008, appellant Gregory Simmons pled no contest to voluntary manslaughter and admitted gun and gang enhancement allegations.  The trial court sentenced Simmons to an aggregate determinate prison term of 31 years.

On December 20, 2023, Simmons filed a petition for resentencing under Penal Code section 1172.6.[1]  The petition was a pre-printed form geared towards meeting the requirements for facial validity and appointment of counsel.  The form allows the petitioner to declare eligibility for relief by checking boxes next to statements that correspond to statutory requirements for relief, including that petitioner was subject to prosecution and conviction under an invalid theory and could not presently be convicted because of changes to homicide law.

The trial court appointed counsel for Simmons and ordered the People to file a response to the petition.  The People filed a response which included, as an exhibit, a transcript of the preliminary hearing.  Considering the transcript of the preliminary hearing, the trial court found that a prima facie showing of eligibility for relief had not been made, found Simmons ineligible for sentencing relief as a matter of law and summarily denied the petition.  This appeal followed.

Simmons contends the court improperly denied his petition at the prima facie stage because the record of conviction did not establish as a matter of law that he was ineligible for resentencing, and the court could not have denied his petition without improperly engaging in factfinding.

---

[1]     Statutory references are to the Penal Code.

After the parties filed their briefs, our Supreme Court decided *People v. Patton* (2025) 17 Cal.5th 549, which held that a "petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6 in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Id.* at p. 557.) We find Simmons offered only conclusory allegations of entitlement to relief in response to a preliminary hearing transcript that demonstrates his conviction relied upon a still-valid theory. At Simmons's request we remand with instructions to the trial court to permit Simmons to amend his petition to comply with newly established caselaw.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite the facts drawn from the preliminary hearing transcript. On August 1, 2005, police officers were dispatched to Eddie's Liquor Store in Long Beach, California. Upon arrival they found a Hispanic man near a telephone booth bleeding from his head area. Police also found a couple of bullet casings a few feet from the victim.

An employee of a restaurant across the street from Eddie's Liquor Store saw one black male with the victim in the parking lot of the liquor store shortly before the shooting. After the shots rang out, the restaurant employee saw the black male with his arm outstretched toward the victim. Another witness stated to police officers that Simmons had admitted to him that Simmons shot the victim. That witness identified Simmons from a photographic six pack.

3

## DISCUSSION

Simmons contends the trial court erred in denying his petition at the prima facie stage because it relied on the preliminary hearing transcript to conclude he was the actual perpetrator of the murder. He contends nothing in the record of conviction establishes dispositively and as a matter of law the identity or mens rea of the actual shooter. This argument is predicated on the proposition that the preliminary hearing transcript is not part of the record of conviction and Simmons's generic plea did not specify any theory of liability or any particular fact, i.e., that he was the person who actually perpetrated the attempted murders. Neither does the record of conviction preclude the prosecution from pursuing a theory of the case which includes accomplice liability based on the natural and probable consequences doctrine. Simmons argues the court engaged in impermissible factfinding by relying on facts taken from the preliminary hearing transcript. He contends we should reverse the trial court and remand the petition for an evidentiary hearing under the provisions of section 1172.6, subdivision (d). We disagree.

I.      *Relevant Law and the Standard of Review*

Effective 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder. (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) It also narrowed the scope of the felony-murder rule. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Section 188, subdivision (a)(3), now

4

prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  The latter provision requires the prosecution to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (*id*., subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2.  (§ 189, subd. (e)(3); see *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868–869; *Gentile,* at pp. 842–843.)

The Legislature later extended Senate Bill 1437's ameliorative changes and procedures for potential relief to individuals convicted of attempted murder and voluntary manslaughter.  (§ 1172.6, subd. (a); see Sen. Bill No. 775 (2021–2022 Reg. Sess.) Stats. 2021, ch. 551, § 1.)

If a section 1172.6 petition includes the requisite information, the trial court, upon request, must appoint counsel to represent the petitioner.  (*Lewis, supra*, 11 Cal.5th at pp. 962–963; § 1172.6, subd. (b)(1)(A), (b)(3).)  The prosecutor must file a response to which the petitioner may reply, and the court must hold a hearing to determine if the petitioner has made a prima facie showing of entitlement to relief.  (§ 1172.6, subd. (c).)  If the court finds a prima facie case has been shown, it must issue an OSC and conduct an evidentiary hearing to determine whether to vacate the conviction and resentence petitioner on any remaining counts.  (*Id.*, subds. (c), (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, " ' "the court takes

petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause [OSC]." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; see *Curiel, supra*, 15 Cal.5th at p. 460.)  The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463–464.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*.  ' "[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner," ' " thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *Curiel, supra*, 15 Cal.5th at p. 460; *Lewis, supra*, 11 Cal.5th at p. 971.)  We independently review the superior court's prima facie determination under section 1172.6.  (*Harden,* at p. 52.)

II.    *The Trial Court Did Not Err in Summarily Denying Simmons's Petition Without Conducting an Evidentiary Hearing.*

On its face, Simmons's petition appears to satisfy the requirements of subdivision (a) of section 1172.6.  The petition

and declaration state: (1) an information was filed against him that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of murder due to amendments to sections 188 and 189. (*Lewis, supra*, 11 Cal.5th at pp. 959–960.)  Because Simmons's statements must be accepted as true at the prima facie stage, the trial court could deny his section 1172.6 petition only if the record of conviction conclusively demonstrates he was not entitled to relief as a matter of law.  (*Id.* at p. 971.)

The boilerplate statements Simmons makes in his petition are insufficient bases to go forward to an evidentiary hearing.  As *Patton* holds, "a section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing."  (*Patton, supra*, 17 Cal.5th at p. 565.)  Here Simmons made no factual assertions whatsoever in the trial court and makes no factual assertions on appeal.  He relies solely on conclusory allegations of entitlement to relief.  In his briefing Simmons raises legal arguments that were not presented to the trial court and which we decline to consider for the first time on appeal.  He has, therefore, not made a *prima facie* showing of entitlement to relief in the face of the record of conviction.

## DISPOSITION

The order denying the petition for resentencing is affirmed.  Out of an abundance of caution, we remand to the trial court with instructions to consider an amended petition should Simmons, within 30 days of the remand, seek to file one.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


WILEY, J.



VIRAMONTES, J.